December 6, 2018

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *State of New York and City of New York, ex rel. Brian Aryai v. Skanska, et al.,*
             18-cv-9367 (S.D.N.Y.)

Dear Judge Schofield:

      We hereby write pursuant to the Court's Order dated October 25, 2018 (Doc. 37).

      **(1) (a) Relator's Statement of the Case**: This is an action against multiple Defendants, which are construction companies, unions and joint ventures operating in the New York Metropolitan area ("New York"), to recover damages, civil penalties, and other relief on behalf of the State of New York and City of New York pursuant to the *qui tam* provisions of the State False Claims Act, N.Y. Fin L. § 189 *et seq.* ("NYS FCA"). Each of the Defendants have been leading general contractors or construction managers on multiple state and city funded construction projects in New York. Each of the Defendants knowingly submitted false claims for payment to state and municipal governmental entities. The certified claims for payment of labor costs were false because the payroll records were inflated by including for reimbursement "gratis pay" a/k/a "ghost pay" for union workers. The fundamental scheme of the fraud was the routine submission of falsely certified payroll records that included 2 hours per day of overtime for union foremen, even though the union foremen did not work the reported overtime hours. Defendants knew of this industry-wide practice, accepted the fraudulent time records from the unions, and then passed those fraudulent time records to the state and municipal governmental agencies funding the projects. Legally, the issues of scienter, falsity, and materiality are undisputable. Accordingly, the only real issue is the quantification of damages and penalties. In fact, four Defendants entered into Deferred Criminal Prosecution Agreements ("DPAs") with the United States Attorney's Office for the Eastern District of New York: Bovis Lend Lease (which has settled its liability to the United States and New York City and has been dismissed from the related federal case), Tishman, Plaza, and Hunter Roberts. Accordingly, as to the Defendants who have admitted liability relating to the gratis pay scheme, they are collaterally estopped from denying liability, and again the only issue is the quantification of damages and penalties.

      **(1) (b) Defendants' Statement of the Case**: Relator filed his original complaint in state court in 2009. That complaint alleged that, while an employee of Bovis Lend Lease LMB, Inc. ("BLL"), Relator observed billing practices that violated the New York State False Claims Act ("State FCA") and the New York City False Claims Act ("City FCA"). In connection with a parallel federal case, *United States ex rel. Brian Aryai v. Skanska, et al.*, 09-cv-5456, Dkt. 154 (S.D.N.Y.), Relator has fully released BLL and its affiliates, Phoenix Constructors and Hunt-Bovis. (Doc. 57.) The government intervened in Relator's federal suit against BLL, that case

was settled for over $1.6 million, and Relator received a share of over $300,000.  In addition to BLL, Relator's complaint also vaguely and indiscriminately asserted, with no supporting detail, that a number of other construction firms similarly violated the State FCA and City FCA. Relator set forth these conclusory assertions despite having alleged no direct or personal observations of the other Defendants' practices or clientele.  On February 1, 2018, the State of New York declined to intervene in the case.  On September 5, 2018, Relator filed an Amended Complaint, adding numerous new defendants, including several unions and additional construction companies.  Other than alleging violations of the State FCA and City FCA, Relator's allegations are nearly identical to those pending in the related federal case before this Court.  The amended complaint remains bereft of particular detail regarding the practices and government clientele of Defendants, and regarding the purported knowledge of the union defendants as to the alleged false claims.  Relator now also seeks to piggyback on publicly-disclosed Deferred Prosecution Agreements and a Non-Prosecution Agreement entered into by three defendants, but those do not obviate Relator's obligation to satisfy Rule 9(b), and Relator is not entitled to a fishing expedition through discovery in the hopes of finding details that he cannot plead himself. Moreover, contrary to Relator's assertions, the DPAs and NPA do not establish liability under the State FCA or City FCA.  In addition, Relator is not authorized to bring a civil enforcement action on behalf of the City of New York.  The City FCA authorizes only the New York City's Office of the Corporation Counsel and their designee to commence a proceeding on behalf of the City, and there is no evidence that the Relator has been so designated by Corporation Counsel. Finally, Relator only vaguely alleges that he disclosed the results of his investigation to "state law enforcement and prosecuting agencies" (AC ¶ 8) and does not allege that he disclosed any information, at any time, to the City.  Relator is not an original source under either the State or City FCA exceptions to the public disclosure bar.  The original complaint filed in this case was not "signed and verified" as required by the City FCA.

      **(2) Statement of Subject Matter Jurisdiction and Venue**:  On October 12, 2018, and with the consent of the Defendants, Local 79 filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1337 and 1441, and 39 U.S.C. § 1208 because Relator's claims arise under the federal labor laws of the United States. (Doc. 1.)  Defendant Bovis Lend Lease LMB, Inc. filed a Joinder to Notice of Removal on October 16, 2018, which asserted separate and independent grounds for removal pursuant to 28 U.S.C. § 1441. (Doc. 14.).  Relator asserts that once Bovis's defense is resolved, the case lacks federal subject matter jurisdiction and should be remanded to New York State Court for the reasons set for in Relator's response to Defendants' Joint Pre-motion letter dated December 5, 2018.

      **(3) (a) Relator's Contemplated Motions**:  Relator contemplates filing a motion for partial summary judgment to dismiss Bovis's claim that the Relator's actions are released and motion for remand of all State claims against defendants for the reasons set forth in the Relator's pre-motion letter and letter in response to Defendants' Joint pre-motion letter filed on December 5, 2018.

      **(3) (b) Defendants' Contemplated Motions**:  Defendants believe the amended complaint is deficient in several respects and have submitted letters outlining their anticipated motions to dismiss (Docs. 54, 56, 57, 58, 64, 65, 73).  Among other things, the amended complaint is devoid of the particularized detail required by Rule 9(b) as it contains virtually no substantive allegations specific to almost any of the Defendants.  In addition, Relator's claims

are barred by the applicable public disclosure bar as Relator is not an original source. Most of the claims also are barred by the statute of limitations. Relator also lacks standing to bring an action under the City FCA since he never obtained the consent of Corporation Counsel to bring this action. As to Bovis Lend Lease LMB, Inc. and its affiliates Phoenix Constructors and Hunt-Bovis, the claims are barred by three separate releases. Additionally, Defendants, Skanska USA Civil Northeast f/k/a Slattery Skanska, Inc, Schiavone Construction, J.F. Shea, Turner Construction, and Skanska specifically deny engaging in the practices described in the complaint and contend that the conduct alleged by Relator is not wrongful and would not constitute a false claim or a material statement is support of a claim.

Defendants also will move to stay discovery pending resolution of the motion to dismiss, as such discovery would be antithetical to Rule 9(b). "Rule 9(b) fails in its purpose if conclusory generalizations such as these will permit a plaintiff to set off on a long and expensive discovery process in the hope of uncovering some sort of wrongdoing." *Madonna v. United States*, 878 F.2d 62, 66 (2d Cir. 1989) (internal quotation marks and alterations omitted).

**(4) (a) Relator's Description of Discovery Required**: Relator has taken no discovery in this matter and the Government's investigative materials have not been shared with Relator. Relator will seek in discovery of all Defendants' documents relating to state, and city contracts entered into, Union labor "punch in" and "punch out" times, certified payroll records, claims for reimbursement, Union fringe benefit calculations, and testimony relating to the negotiation of Union labor payroll rates. Relator also reserves the right to demand production of documents and testimony not specified here.

**(4) (b) Defendants' Description of Discovery Required**:  If this case were not dismissed as a matter of law, Defendants would seek discovery into Relator's statements regarding his investigation and surveillance of various construction projects, the information that was allegedly told to him about the Defendants' practices, and Relator's interactions with the State and City governments prior to filing suit.

**(5) (a) Relator's Computation of Each Category of Damages Claimed**: The quantification of damages will be a factor of the amount of gratis pay claimed by defendants in its claims for reimbursement along with a computation of fringe benefits attributable to the false overtime gratis pay in every state, and city funded project. That information is exclusively in the hands of the Defendants, although the DPAs do disclose some amount of restitution attributable to federally, state and city funded projects. However, Relator is not certain of the amounts claimed as restitution in the DPAs is comprehensive. Defendants may be entitled to an offset in the single damages computation based on restitution paid. However, in FCA actions, single damages are trebled and there would be no offset in connection with trebling the restitution paid by Defendants. In addition, Defendants are liable for a penalty of $5,500 to $11,000, for each false claim, which penalty is determined by the Court. Under the FCA, Defendants are liable for Relator's reasonable attorneys' fees and costs. In an FCA action, in which the government does not intervene, the Relator is entitled not less than 25% and not more than 30% of the proceeds of the action and shall be paid out of such proceeds. 31 U.S.C. § 3730(c), (d)(2).

**(5) (b) Defendants' Statement Regarding Damages**: Defendants do not believe that any damages are warranted in this case.

Page 4

**(6) (a) Relator's Statement Regarding Settlement**: Plaintiff believes a settlement conference or referral of the matter for mediation to the Magistrate Judge or independent mediator, following limited discovery on the quantification of damages, may facilitate settlement.

**(6) (b) Defendants' Statement Regarding Settlement**: Relator and Defendants have not engaged in settlement discussions. Defendants believe that, at the appropriate time after certain settlement-related disclosures, a settlement conference before a magistrate judge may be appropriate.

Respectfully submitted,

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP | PAUL HASTINGS LLP |
| By: /s/ Hallie B. Levin<br>    Hallie B. Levin<br>    7 World Trade Center<br>    250 Greenwich Street<br>    New York, NY 10007<br>    (212) 230-8800<br>    hallie.levin@wilmerhale.com<br><br>*Attorneys for Defendant Tishman Construction Corporation* | By: /s/ Shahzeb Lari<br>    Kenneth M. Breen<br>    Shahzeb Lari<br>    Zachary S. Zwillinger<br>    200 Park Avenue<br>    New York, NY 10166<br>    (212) 318-6000<br>    kennethbreen@paulhastings.com<br>    shahzeblari@paulhastings.com<br>    zacharyzwillinger@paulhastings.com<br><br>*Attorneys for Defendant Plaza Construction Corporation* |
| PECKAR & ABRAMSON, PC | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| By: /s/ Patrick J. Greene, Jr.<br>    Patrick J. Greene, Jr.<br>    Frank A. Hess<br>    70 Grand Avenue<br>    River Edge, NJ 07661<br>    (201) 343-3434<br>    pgreene@pecklaw.com<br>    fhess@pecklaw.com<br><br>*Attorneys for Defendants J.F. Shea, Turner Construction Company, Skanska, Skanska USA Civil Northeast f/k/a Slattery Skanska, Inc., and Schiavone Construction* | By: /s/ Lea Haber Kuck<br>    Lea Haber Kuck<br>    Amanda Raymond Kalantirsky<br>    Four Times Square<br>    New York, NY 10036<br>    (212) 735-3000<br>    lea.kuck@skadden.com<br>    amanda.raymond@skadden.com<br><br>*Attorneys for Defendant Hunter Roberts Construction Group, LLC* |

| ARNOLD & PORTER KAYE SCHOLER LLP | COHEN & GRESSER LLP |
|---|---|
| By: /s/ Manvin Mayell<br>    Manvin Mayell<br>    250 West 55th Street<br>    New York, NY 10019-9710<br>    (212) 836-7031<br>    manvin.mayell@arnoldporter.com<br><br>    *Attorneys for Defendant Fluor Enterprises, Inc.* | By: /s/ Jason Brown<br>    Jason Brown<br>    Nathaniel P.T. Read<br>    800 Third Avenue<br>    New York, NY 10022<br>    (212) 957-7600<br>    jbrown@cohengresser.com<br>    nread@cohengresser.com<br><br>    *Attorneys for Defendant Granite Construction Northeast, Inc., s/h/a Granite Northeast and f/k/a Granite Halmar Construction Company, Inc.* |
| WEIL, GOTSHAL & MANGES LLP | MCLAUGHLIN & STERN, LLP |
| By: /s/ Steven A. Reiss<br>    Steven A. Reiss<br>    David Fitzmaurice<br>    767 Fifth Avenue<br>    New York, NY 10153-0119<br>    (212) 310-8000<br>    steven.reiss@weil.com<br>    david.fitzmaurice@weil.com<br><br>    *Attorneys for Defendant Bovis Lend Lease, LMB, Inc.* | By: /s/ Chester R. Ostrowski<br>    Chester R. Ostrowski<br>    Daniel J. Horwitz<br>    260 Madison Avenue<br>    New York, NY 10016-2404<br>    (212) 448-1100<br>    costrowski@mclaughlinstern.com<br>    dhorwitz@mclaughlinstern.com<br><br>    *Attorneys for Defendant Tishman Speyer* |
| SPEARS & IMES LLP | BRADY MCGUIRE & STEINBERG, P.C. |
| By: /s/ David Spears<br>    David Spears<br>    Bradley Pollina<br>    51 Madison Avenue<br>    New York, NY 10010<br>    (212) 213-6991<br>    dspears@spearsimes.com<br>    bpollina@spearsimes.com<br><br>*Attorneys for Defendant Phoenix Constructors* | By: /s/ James M. Steinberg<br>    James M. Steinberg<br>    303 South Broadway, Suite 234<br>    Tarrytown, NY 10591<br>    (914) 478-4293<br>    james@bradymcguiresteinberg.com<br><br>    *Attorneys for International Union of Operating Engineers Local 14* |

| | |
|---|---|
| SPIVAK LIPTON LLP | COHEN WEISS AND SIMON LLP |
| By: /s/ James M. Murphy | By: /s/ James M. Murphy |
| James M. Murphy<br>Gillian Costello<br>1700 Broadway, 21st Floor<br>New York, NY 10019<br>(212) 765-2100<br>jmurphy@spivaklipton.com<br>gcostello@spivaklipton.com | Joseph J. Vitale<br>Hiram M. Arnaud<br>900 Third Avenue, Suite 2100<br>New York, NY 10022<br>(212) 563-4100<br>jvitale@cwsny.com |
| *Attorneys for Defendant New York City District Council Of Carpenters Local 1536* | *Attorneys for Defendant Construction and General Building Laborers' Local 79* |

Sadowski Katz LLP

By: s/ Robert W. Sadowski
Robert W. Sadowski
Raphael Katz
830 Third Avenue, 5th Floor
New York, New York 10022
(646) 503-5341
rsadowski@sadowskikatz.com
rkatz@sadowskikatz.com

*Counsel for Relator*