UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
STATE OF NEW YORK AND CITY OF NEW :
YORK, *ex rel.* BRIAN ARYAI, :
:
                       Plaintiffs/Relator, :
:
                    against :
:
SKANSKA; TURNER CONSTRUCTION; :
TISHMAN CONSTRUCTION CORPORATION; :
PLAZA CONSTRUCTION CORPORATION; :
HUNT-BOVIS; TISHMAN/WASHINGTON :   Civil Action No. 1:18-cv-09367 (LGS)
GROUP; TISHMAN/HARRIS; PHOENIX :
CONSTRUCTORS, FLUOR ENTERPRISES, :   **PROPOSED CIVIL CASE**
INC., SLATTERY SKANSKA, INC., AND :   **MANAGEMENT PLAN AND**
BOVIS LEND LEASE, LMB, INC., SLATTERY :   **SCHEDULING ORDER**
SKANSKA/EDWARDS & KELSEY DESIGN- :
BUILD; S3 TUNNEL CONSTRUCTORS, :
SKANSKA USA CIVIL NORTHEAST, :
SCHIAVONE CONSTRUCTION AND J.F. SHEA; :
TISHMAN SPEYER; HUNTER ROBERTS :
CONSTRUCTION GROUP; GRANITE :
NORTHEAST; INTERNATIONAL UNION OF :
OPERATING ENGINEERS LOCAL 14; LOCAL :
79 MASON TENDERS' DISTRICT COUNCIL :
OF GREATER NEW YORK; AND NEW YORK :
CITY DISTRICT COUNCIL OF CARPENTERS :
LOCAL 1536, :
:
                       Defendants. :
:
------------------------------------------------------------------ x

    LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c).

2.    The parties **have not** conferred pursuant to Fed. R. Civ. P. 26(f). However, the Relator, Tishman Construction Corporation, Plaza Construction Corporation, J.F. Shea, Turner Construction Company, Skanska, Skanska USA Civil Northeast f/k/a Slattery Skanska, Inc., Schiavone Construction, Hunter Roberts Construction Group, LLC, Fluor Enterprises, Inc., Granite Construction Northeast, Inc., s/h/a Granite Northeast and f/k/a Granite Halmar Construction Company, Inc., Bovis Lend Lease, LMB, Inc., Tishman

      Speyer, Phoenix Constructers, International Union of Operating Engineers Local 14, New York City District Council of Carpenters Local 1536, Construction and General Building Laborers' Local 79 (the "Conferring Defendants"), have communicated with one another and cooperated in the preparation of this Proposed Civil Case Management Plan and Scheduling Order and the Joint Letter submitted herewith.

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes___ / No___X___]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/docs/mediation/Local%20Civil%20Rule%2083.10.Final.pdf. [Yes_____ / No___X___]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf and http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1491 [Yes_____ / No___X___]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1492 [Yes_____ / No___X___]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions **have not** taken place.

   b. Counsel for the parties **have not** discussed an informal exchange of information in aid of early settlement but have proposed the following:

   Counsel for Relator proposes that all parties make their informal exchanges of information in aid of early settlement 30 days after Defendants' Responsive Pleadings are filed.

   Counsel for Conferring Defendants propose that any party that wishes to make an informal disclosure of information in aid of early settlement will do so thirty (30) days after Defendants' Responsive Pleadings are filed.

   c. Counsel for the parties **have not** discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation

        Program; and (iii) retention of a private mediator.

        <u>Counsel for Relator</u> proposes the following alternate dispute resolution mechanism for this case: Relator proposes the state claims be remanded to State Court and following remand the parties engage in mediation with an independent private mediator 60 days following remand.

        <u>Counsel for Conferring Defendants</u> propose the following alternate dispute resolution mechanism for this case: Sixty (60) days after any informal exchanges of information in aid of early settlement are made, any parties that wish to may participate in a settlement conference before a Magistrate Judge.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        <u>Counsel for Relator</u> proposes the parties agree to private mediation.

        <u>Counsel for Conferring Defendants</u> propose that a settlement conference before a Magistrate Judge may be held within sixty (60) days after any informal exchanges of information in aid of early settlement are made.

    e.    **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.    No additional parties may be joined after **45 days** without leave of Court.

6.    Amended pleadings:

<u>Counsel for Relator</u> proposes the schedule for amended pleadings be addressed after Relator's motion for remand is decided.

<u>Counsel for Conferring Defendants</u> propose that no further pleadings may be filed without leave of Court.

7.    Initial disclosures:

<u>Counsel for Relator</u> proposes that the case be remanded and the parties engage in discovery pursuant to state rules.

<u>Counsel for Conferring Defendants</u> propose that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed by each defendant no later than 14 days after the denial of such defendant's motion to dismiss.

8.    Fact Discovery

    a.    <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that all fact discovery shall be completed 180 days after the denial of the last motion to dismiss filed by any defendant.

b.      <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by fourteen (14) days after the denial of the last motion to dismiss filed by any defendant.

c.      Responsive documents:

        <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that responsive documents shall be produced within 120 days after being served.

        Do the parties anticipate e-discovery?   [Yes____X____/ No____]

d.      Interrogatories:

        <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that interrogatories pursuant to Fed. R. Civ. P. 33 and the local civil rules shall be served by fourteen (14) days after the denial of the last motion to dismiss filed by any defendant.

e.      Depositions:

        <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by 180 days after the denial of the last motion to dismiss filed by any defendant.

f.      Requests to admit:

        <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

        <u>Counsel for Conferring Defendants</u> propose that requests to admit pursuant to Fed. R. Civ. P. 36 shall be served no earlier than 150 days after the denial of the last motion to dismiss filed by any defendant.

**g.**      **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that**

**all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

   a. Anticipated types of experts if any:

   <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

   <u>Counsel for Conferring Defendants</u>, at this time, would anticipate calling experts regarding damages and other matters.

   b. <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

   <u>Counsel for Conferring Defendants</u> propose that all expert discovery shall be completed no later than seventy-five (75) days after the completion of fact discovery.

   c. <u>Counsel for Relator</u> proposes that discovery should be scheduled after the matter is remanded to the state court.

   <u>Counsel for Conferring Defendants</u> propose that by 150 days after the denial of the last motion to dismiss filed by any defendant, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. This case **is** to be tried to a jury.

11. Counsel for the parties have **not** conferred, but Counsel for Relator's present best estimate of the length of trial is two weeks and Counsel for Conferring Defendants' present best estimate of the length of trial is six to eight weeks.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

   _____
   _____
   _____
   _____

13. Status Letters and Conferences

   a. <u>Counsel for Relator</u> proposes that status and conferences should be scheduled after the matter is remanded to the state court.

   <u>Counsel for Conferring Defendants</u> propose that by sixty (60) days after the denial

      of the last motion to dismiss filed by any defendant, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

  b.    <u>Counsel for Relator</u> proposes that status and conferences should be scheduled after the matter is remanded to the state court.

      <u>Counsel for Conferring Defendants</u> propose that 14 days after the close of fact discovery, all counsel must have conferred to discuss settlement and jointly advise the Court in writing if they request a referral for settlement discussions as provided in Paragraph 4(c) above.

  c.    <u>Counsel for Relator</u> proposes that all conferences should be scheduled after the matter is remanded to the state court.

      <u>Counsel for Conferring Defendants</u> propose that fourteen (14) days after the close of fact discovery, a pre-motion conference will be held for any anticipated dispositive motions, provided:

    i.  A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

    ii.  If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:_____
    New York, New York

                                       LORNA G. SCHOFIELD
                                     United States District Judge

Counsel for the Parties:

_____    _____

_____    _____

_____    _____