USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
STATE OF NEW YORK, et al.,
                              Plaintiffs,

            -against-

SKANSKA, et al.,
                             Defendants.
------------------------------------------------------------ X

18 Civ. 9367 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

    Relator Brian Aryai brings this *qui tam* action on behalf of the State of New York and the City of New York pursuant to the New York State False Claims Act, N.Y. STATE FIN. LAW § 189 *et seq.*, and the New York City False Claims Act, N.Y.C. ADMIN. CODE § 7-801 *et seq.* Defendants Lendlease (US) Construction LMB Inc. (formerly known as Bovis Lend Lease, LMB, Inc.) ("Lendlease"), Hunt-Bovis and Phoenix Constructors (collectively, the "Released Defendants") move to dismiss the Amended *Qui Tam* Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, the Released Defendants move for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. Relator cross-moves for partial summary judgment and to remand. For the reasons discussed below, Relator's motion to remand is granted. The Released Defendants' motion to dismiss and Relator's cross-motion for partial summary judgment are denied as moot.

I. **BACKGROUND**

    The facts below are taken from the Amended *Qui Tam* Complaint and are assumed true only for purposes of this motion. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *accord Barnet v. Ministry of Culture & Sports of the Hellenic Republic*, No. 18 Civ. 4963, 2019 WL 2568458, at *3 (S.D.N.Y. June 21, 2019).

Relator was the Senior Vice President of Finance at Lendlease, a construction firm that worked on several New York State and New York City-funded construction projects. In the course of his employment at Lendlease, Relator learned of a longstanding, industry-wide fraudulent payroll practice known as "gratis pay." On their timesheets, union foremen would record two hours of overtime per day, even though the foremen did not work the overtime hours. Construction companies then submitted these fraudulent pay records to federal, state and municipal government entities. Certain unions also benefitted from the gratis pay scheme, as they received additional monies for each fraudulent hour billed.

On June 12, 2009, Relator filed a *qui tam* action in the U.S. District Court for the Southern District of New York, asserting federal False Claim Act claims based on the gratis pay allegations. *See United States of America ex. rel. Brian Aryai v. Skanska*, No. 09 Civ. 5456, Dkt. No. 39 (the "Related Case"). On June 15, 2009, Relator filed this action in the Supreme Court of the State of New York, County of New York, asserting state *qui tam* claims based on the same allegations.

On February 7, 2013, the Court entered a Stipulation and Order of Settlement and Dismissal (the "Settlement Order"), which resolved the claims asserted against Lendlease in the Related Case. The Settlement Order contained a release provision, which provides, in relevant part:

> Relator . . . releases and forever discharges [Lendlease] and all of its current and former officers, directors, trustees, employees, affiliates, and assigns ("the Released Parties"), from any and all manner of claims, proceedings and causes of action of any kind or description whatsoever, known or unknown, contingent or accrued that Relator . . . [has] against the Released Parties arising out of or by reason of any cause, matter, thing, fact, circumstance, event or agreement whatsoever occurring prior to the execution of this Agreement, including but not limited to any claims in, relating to or arising out of Relator's . . . Federal Complaint.

Settlement Order, No. 09 Civ. 5456, Dkt. 13 ¶ 8 (the "Release Provision"). The Settlement Order further provided that "[t]he exclusive jurisdiction and venue for any dispute relating to [the Settlement Order] is the United States District Court for the Southern District of New York." *Id.* ¶ 15.

On May 7, 2018, the Supreme Court of the State of New York, County of New York, unsealed this action. On September 13, 2018, Defendant Construction and General Building Laborers' Local 79 ("Local 79") was served with a summons and the Amended *Qui Tam* Complaint. On October 12, 2018, Local 79 removed the case to this Court.

## II. STANDARD

The general removal statute, 28 U.S.C. § 1441, states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The defendant, as the party seeking removal and asserting federal jurisdiction, bears the burden of demonstrating that the district court has original jurisdiction." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017); *accord Keating v. Air & Liquid Sys. Corp.*, No. 18 Civ. 12258, 2019 WL 3423235, at *2 (S.D.N.Y. July 30, 2019). Federal courts are required to "construe removal statutes strictly and resolve doubts in favor of remand." *Purdue Pharma L.P. v Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013); *accord Lis v. Lancaster*, No. 19 Civ. 1414, 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019).

## III. DISCUSSION

### A. Complete Preemption

Defendants contend that the Court has original jurisdiction because resolution of Relator's state claims will require interpretation of collective bargaining agreements ("CBAs"), rendering such claims completely preempted by federal labor law. Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Certain federal statutes, however, have such "pre-emptive force" as to "convert[] an ordinary state . . . complaint into one stating a federal claim." *Id.* This doctrine, known as "complete preemption," applies to § 301 of the Labor Management Relations Act (the "LMRA"), which "governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Id.*

Consequently, "when resolution of a state law claim is 'substantially dependent' upon or 'inextricably intertwined' with analysis of the terms of a CBA, the state law claim 'must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.'" *Id.* "When, on the other hand, a plaintiff . . . asserts legal rights *independent* of that agreement" -- that is, when resolving the state claim "does not require construing" the CBA -- "preemption does not occur." *Id.* at 207 (citations and quotation marks omitted). The mere fact "[t]hat a court may need to *consult* the CBA in resolving the state law claim . . . does not subject that claim to preemption by § 301." *Id.* Absent a "genuine issue between the parties concerning

4

interpretation of [a] CBA," the purposes of the LMRA are "in no way . . . thwarted by allowing plaintiffs to go forward with their state law claims in state court." *See Wynn v. AC Rochester*, 273 F.3d 153, 158 (2d Cir. 2001).

For example, in *Foy v. Pratt & Whitney Group*, 127 F.3d 229 (2d Cir. 1997), employees brought state negligent misrepresentation claims against management representatives who allegedly misrepresented the employees' rights under a CBA. *See id.* at 235. Section 301 did not preempt the state claims -- although the district court would need to *consult* the CBA to determine the relevant rights, "the parties did not contest the [CBA's] *meaning*." *Wynn v. AC Rochester*, 273 F.3d 153, 158 (2d Cir. 2001) (discussing *Foy*) (emphasis added). In contrast, in *Whitehurst*, resolution of the plaintiff's state claims required the district court first to determine whether the plaintiff had a right to avail herself of a grievance process. *See Whitehurst*, 928 F.3d at 207. Because the parties "fundamentally disagree[d]" regarding whether the plaintiff had such a right under the terms of the applicable CBA, the state claims were preempted by § 301. *See id.*, 928 F.3d at 207–08. Likewise, in *Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003), the plaintiff brought state labor law claims challenging an employer's sales commissions policy, which was set forth in a CBA. *See id.* at 112–13. The state claims were preempted by § 301 because resolution of the case would require the district court to determine the legality of the CBA provision and whether it was intended to alter a common law rule. *See id.* at 115–16.

Defendants contend that resolution of this case will require the Court to construe certain CBA provisions in order to determine the appropriate rates of pay and provision of benefits, as well as any time-keeping or other obligations the CBAs may impose. Defendants have not identified a "genuine issue between the parties concerning interpretation of" any CBA provision. *See Wynn*, 273 F.3d at 158. At most, Defendants have shown that CBAs would need to be

5

*consulted* in the course of resolving the state claims, which does not suffice to establish § 301 preemption. *Compare Foy*, 127 F.3d at 235 (no preemption where court would need to identify employee rights under CBA), *with Whitehurst*, 923 F.3d at 207–08 (preemption applied where parties contested whether CBA entitled plaintiff to grievance process).

Defendants also contend that Relator's claims are "completely preempted by the statutory duty of fair representation," which arises under the National Labor Relations Act ("NLRA"). *See Figueroa v. Foster*, 864 F.3d 222, 229 (2d Cir. 2017). But the Second Circuit's recent decision in *Whitehurst* confirms that the NLRA, "unlike § 301 of the LMRA, has not been identified as carrying the requisite preemptive force to support complete preemption." *Whitehurst*, 928 F.3d at 208 (quotation marks omitted). Accordingly, Defendants have not shown that complete preemption, under either the LMRA or NLRA, supports original jurisdiction in this case.

**B.    31 U.S.C. § 3732(b)**

Defendants next contend that the Court has original jurisdiction pursuant to 31 U.S.C. § 3732(b). Section 3732(b) confers jurisdiction "over any action brought under the laws of any State for the recovery of funds paid by a State or local government if the action arises from the same transaction or occurrence as an action brought under [the federal False Claims Act]." 31 U.S.C. § 3732(b). Defendants argue that this provision supports original jurisdiction because Relator's federal and state actions "involve identical allegations against the same defendants."

Defendants' reliance on § 3732(b) is misplaced. This case lacks diversity, a federal question or any other conceivable Article III basis for subject matter jurisdiction. Section 3732(b) does not, and could not, confer original jurisdiction over a case lacking any basis for federal subject matter jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746

6

(2019) ("Article III, § 2, of the Constitution delineates the character of the controversies over which federal judicial authority may extend." (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (alterations and quotation marks omitted))); *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 491 (1983) ("Congress may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution."); *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 66 n.8 (2d Cir. 2012) (while Congress can restrict a district court's subject matter jurisdiction, "it cannot *expand* jurisdiction beyond what the Constitution allows").

Section 3732(b) confers *supplemental* jurisdiction. *See Hawaii v. Abbott Labs., Inc.*, 469 F. Supp. 2d 842, 849 (D. Haw. 2006) ("[T]he state case may not be removed on its own merit, independent of the federal action, because removal of the state case depends on the existence of and the attachment to a similar federal case. That interpretation of [§ 3732(b)] is reasonable and is not contrary to law." (quotation marks omitted)); *see also Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 532 (7th Cir. 2008) ("Congress seems to have been creating [in § 3732(b)] a form of supplemental jurisdiction . . . rather than creating a right to bring a free-standing suit under state law when there was no diversity jurisdiction . . . ."). This interpretation avoids an unconstitutional application of § 3732(b) and is consistent with the text of the statute. *See Golb v. Attorney Gen. of N.Y.*, 870 F.3d 89, 103 (2d Cir. 2017) ("[I]f an otherwise acceptable construction of a statute would raise serious constitutional problems, and an alternative interpretation of the statute is fairly possible, [courts] are obligated to construe the statute to avoid such problems." (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 299–300 (2001) (alteration omitted))). Accordingly, Defendants have not shown that § 3732(b) supports original jurisdiction in this case.

7

### C. Settlement Order

Finally, Defendants contend that removal was proper because the Court retained jurisdiction over any disputes relating to the Settlement Order. Defendants note that the Settlement Order includes the Release Provision, the validity of which is disputed by the parties in this action.

Defendants' argument is unavailing. Federal courts may retain only *ancillary* jurisdiction over the enforcement of settlement agreements. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994); *accord Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). "Ancillary jurisdiction . . . cannot provide the original jurisdiction that [a defendant] must show in order to qualify for removal under § 1441." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002); *accord Connecticut v. Williams*, No 17 Civ. 2023, 2018 WL 1532608, at *3 (D. Conn. 2018).

## IV. CONCLUSION

For the foregoing reasons, Relator's motion to remand is GRANTED. Relator's cross-motion for partial summary judgment and the Released Defendants' motion to dismiss and motion for summary judgment are DENIED as moot. The Clerk of Court is respectfully directed to close the motion at Docket No. 83 and remand this case to the Supreme Court of the State of New York, County of New York.

Dated: August 13, 2019
      New York, New York

                                              LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE